IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

|  |  |
|---|---|
| In re:<br><br>R INVESTMENTS, RLLP<br>EIN: 20-8043471 | Case No. 21-11011-EEB<br><br>Chapter 11 |

**FLECTAT, LTD.'S OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER ENFORCING THE AUTOMATIC STAY AGAINST FLECTAT, LTD. AND ALTERNATIVE CROSS-MOTION FOR RELIEF FROM STAY**

Flectat, Ltd., ("Flectat") by and through undersigned counsel, files the following opposition to R Investments, RLLP's ("Debtor") motion for entry of order enforcing the automatic stay against it because the stay does not apply to the lawsuit captioned *Flectat, Ltd. v. 4747 Montgomery Road Partners, LLC, et al.*, 1:21-cv-00100-MRB, pending in the Southern District of Ohio, Western Division ("Ohio Lawsuit") since the insurance policy is not property of the Debtor's estate. In the alternative, Flectat respectfully moves this court to enter an order for relief from the automatic stay pursuant to §362(d) of the Bankruptcy Code so that the Ohio Lawsuit can proceed. In support of its opposition and cross-motion, Flectat states as follows:

**I.     SUMMARY OF ARGUMENT**

Debtor filed a motion to stay proceedings in the Ohio Lawsuit asserting the automatic stay provisions of the Bankruptcy Code applies. After Flectat objected to the motion because its lawsuit does not concern property of the Debtor's estate, Debtor filed the instant motion seeking enforcement of the stay. As set forth more fully herein, the Ohio Lawsuit concerns whether a first-party property policy ("Policy") provides coverage for a vandalism and theft loss at a vacant 8-

story commercial building located at 4747 Montgomery Road, Cincinnati, Ohio ("Property"). Debtor does not own the Property covered by the Policy; rather, it is owned by non-debtors Arshia, Inc. and Dash 163, LLC. Non-debtor 4747 Montgomery Road Partners, LLC ("4747 Montgomery Road") entered into an option agreement to purchase the Property from the owners, and Debtor is not a party to that agreement. Finally, although Debtor initially applied for the Policy, the Policy was almost immediately amended to remove the Debtor as the Named Insured and replace it with 4747 Montgomery Road retroactive to the inception date of the Policy. Due to the amendment, Debtor is not an insured under the Policy regardless of when the loss occurred. Notably, Debtor does not cite any authority in support of its argument that it may have a right to the insurance proceeds if the loss occurred prior to the issuance of the Policy amendment. Further, because the loss was discovered and the claim was made <u>after</u> the Policy was amended, the Policy is not property of the Debtor's estate. In any event, the Ohio Lawsuit should be permitted to proceed against the non-Debtor parties, including the insured defendant, 4747 Montgomery Road, and the owners of the Property, who are loss payees under the Policy. Accordingly, Flectat respectfully asks the court to deny Debtor's motion because the automatic stay does not apply to the Ohio Lawsuit.

In the alternative, Flectat respectfully asks the court to grant Flectat's cross-motion for relief from stay pursuant to §362(d) of the Bankruptcy Code because the Debtor does not have an interest in the Policy, nor is the Policy necessary to an effective reorganization. Finally, Debtor's reservation of rights to recover its actual damages under §362(k) of the Bankruptcy Code is without merit. Flectat merely filed an opposition to Debtor's own motion to stay in the Ohio Lawsuit, which is not a willful violation of the automatic stay provisions under any circumstances. Further, Debtor's motion concedes that the court in the Ohio Lawsuit had jurisdiction to decide whether

the proceeding is subject to the stay. Accordingly, Flectat respectfully asks the Court to deny Debtor's request for actual damages.

II. **BACKGROUND FACTS**

In the Ohio Lawsuit, Flectat filed a pre-petition declaratory judgment complaint against the insured defendant, 4747 Montgomery Road, seeking a declaration of the parties' rights under the Policy with respect to 4747 Montgomery Road's first-party claim for vandalism and theft loss at a commercial building located at 4747 Montgomery Road, Cincinnati, Ohio ("Property"). *See* Doc#192-2. Importantly, the Debtor R Investments is not a defendant in the Complaint in the Ohio Lawsuit, but rather, is named solely because it has made claims that it is an interested party to the dispute. *Id*. Specifically, the Complaint in the Ohio Lawsuit alleges:

> 4. R Investments RLLP ("R Investments") is a registered limited liability partnership organized in Colorado with its principal place of business in Colorado. Its registered agent is Travis Steffens. Upon information and belief, individuals Travis Steffens and Jessica Perrin are partners in R Investments, and residents of Colorado. While the Policy was initially issued to R Investments, it was amended on April 24, 2019, effective retroactively to April 12, 2019, to show 4747 Montgomery Road as the only named insured. Although it is Underwriter's position that R Investments is not an insured under the Policy and has no rights thereunder, Underwriter has named R Investments as a defendant solely because it claims to be an interested party in the dispute. ***No specific relief is sought against R Investments. If R Investments does not wish to be involved in this litigation, Underwriter is willing to dismiss it subject to its agreement to be bound by any judgment entered by this Court.*** R Investments and its partners are citizens of Colorado.

*Id*. (emphasis provided).

The Debtor is not an insured under the Policy, which was in effect from April 12, 2019 to April 12, 2020. A true and correct copy of the Policy is attached hereto as **Exhibit A**.[1] By endorsement, 4747 Montgomery Road replaced R Investments as the named insured under the

---

[1] Since Debtor's argument that the Ohio Lawsuit is subject to the automatic stay focused on its claimed interest in the Policy proceeds, it is unclear why Debtor did not attach a copy of the Policy to its motion.

3

Policy effective **_retroactive_** to the Policy's inception on April 12, 2019. *Id.* Specifically, the endorsement, which was issued on April 24, 2019, provides:

**Certain Underwriters at Lloyds, London**

**ENDORSEMENT NO.** ___1___

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| 103850/MGU001 | 4/12/2019 | 4747 Montgomery Road Partners LLC | All Risks LTD. |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**CHANGE ENDORSEMENT**

It is understood and agreed that:

1. Insured Name................[X]
2. Mailing Address of the Insured...................[ ]
3. Description of Property Covered...............[ ]
4. Location of Property..........[ ]
5. Additional Insured Added.[ ]
6. Additional Insured Deleted.[ ]
7. Mortgagee Added..............[ ]
8. Mortgagee Deleted.............[ ]
9. Loss Payee Added.............[ ]
10. Loss Payee Deleted..........[ ]
11. Deductible.........................[ ]
12. Other (See Below).............[ ]

[X] Is Amended to Read as Follows
[ ] The Following Form(s) is/are made a part of the Policy
[ ] The Following Form(s) is/are Deleted from the Policy

Amend Named Insured to read : 4747 Montgomery Road Partners LLC

\*\*\*

All other terms and conditions remain unchanged.

CNP-GCE-01 (12/13)

_____ / 4/24/19
AUTHORIZED REPRESENTATIVE      DATE

*Id.* at FLECTAT 0054.

Further, per the insured's loss notice, the loss to the Property was discovered and the loss was reported to Flectat **_after_** the Policy was amended on April 24, 2019 to delete the Debtor and replace it with 4747 Montgomery Road as the named insured. A true and correct copy of the Incident Report and cover email dated June 10, 2019 is attached hereto as **Exhibit B**. Specifically,

4

HB: 4842-4171-2376.1

on **_June 10, 2019_**, Flectat received an Incident Report that identified the date of event as "**_4/25/2019 / 5/8/19_**" and described the loss as:

> Upon takeover/purchase of the property we walked and secured the exterior doorways. During an inspection nearly one month later with a hotel representative, we noticed significant damage to the basement and electrical room. Somebody got into the building and stripped out all electrical panels, electrical supply lines and extensive damage was done to the copper piping throughout the building. Ater (sic) re-securing the building we continued to monitor and found another (2) break-ins take place. More wiring was stripped and removed from the property (HVAc (sic) equipment affected).

*Id.*

Furthermore, the Debtor is not the owner of the Property covered by the Policy at issue in the Ohio Lawsuit. Rather, Arshia, Inc. and Dash 163, LLC own the Property. *See* Doc#192-4 at 13-52. They are also the loss payees on the Policy. *See* Exhibit A at FLECTAT 55-57. The Debtor, however, is not a loss payee on the Policy. *Id.* On April 12, 2019, the named insured, 4747 Montgomery Road, entered into an Option Agreement to purchase the Property from Arshia, Inc. and Dash 163, LLC. *See* Doc#192-4 at 13-48. The Debtor is also not a party to the Option Agreement. *Id.*

On March 4, 2021, Debtor filed the instant Chapter 11 proceeding. The Debtor filed an application to employ Debtor's counsel in the Maryland lawsuit styled *R Investments and 4747 Montgomery Road Partners, LLC v. Certain Underwriters at Lloyd's, London*, Case No. C-03-CV-20-003979 in Baltimore Circuit Court in the State of Maryland ("Maryland Lawsuit"), which like the Ohio Lawsuit, concerns whether the Policy provides coverage for the loss at the Property. *Doc#112*. The Debtor represented to this court that it would file an application to employ Debtor's counsel in the Ohio Lawsuit, which is similar to the Maryland Lawsuit, but it did not file that

application. *Id.* at fn. 1.[2] Rather, on July 15, 2021, Debtor filed a one-page motion to stay the Ohio Lawsuit pursuant to the automatic stay provisions of 11 U.S.C. § 362. A true and correct copy of the Motion to Stay in the Ohio Lawsuit is attached hereto as **Exhibit C.** Specifically, the motion states "[p]laintiff's claims against all Defendants involve common issues of fact and will involve the same witnesses" and therefore, the Debtor, R Investments, "requests that the Court stay this case in its entirety pending the outcome of its bankruptcy case." *Id.* After Flectat filed an objection to the motion on August 2, 2021, the Debtor filed the instant motion for entry of order enforcing the automatic stay against Flectat. Doc#192-1. Further, while Debtor's motion attaches a motion to dismiss jointly filed by the insured 4747 Montgomery Road, the Debtor, Arshia, LLC and Dash 163, LLC in the Ohio Lawsuit, the Debtor does not inform the court that a similar motion to dismiss for *forum non conveniens* was filed and is pending in the Maryland Lawsuit. A true and correct copy of the motion filed in the Maryland Lawsuit, without exhibits, is attached hereto as **Exhibit D**.

### III. ARGUMENT

The automatic stay provision "operates as a stay, applicable to all entities, of … the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." *See* 11 U.S.C. § 362(a)(1).

---

[2] Specifically, Debtor represented "[t]he insurers dispute coverage, and filed a similar case three months later in the Southern District of Ohio, seeking a declaration that the policies do not cover the Loss." "That case is *Flectat, Ltd. v. 4747 Montgomery Road Partners LLC, et al.*, No. 1:21-cv-00100-MRB (S.D. Ohio Feb. 10, 2021)… S&B does not represent the Debtor in the Ohio Action. ***The Debtor will file a separate employment application to retain Frost Brown Todd LLC ("FBT"), the Debtor's current counsel in the Ohio Action***." Doc#112 at 1 and fn. 1. (emphasis provided).

### A. The Ohio Lawsuit Seeks A Declaration Of Rights Under The Policy, Which Is Not Property Of The Debtor's Estate

The key elements for application of the stay are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate. *In re Hellenschmidt*, 5 B.R. 758, 760 (Bankr. D. Colo. 1980) (the automatic stay pursuant to Section 362(a) "restrains any action against the debtor, the debtor's property or 'property of the estate'"). Property of the estate is defined to include "all legal or equitable interests of the debtor in property at the commencement of the case." 11 U.S.C. § 541; *Rafter Seven Ranches, L.P. v. WNL Invs., L.L.C. (In re Rafter Seven Ranches, L.P.)*, 414 B.R. 722, 734 (B.A.P. 10th Cir. 2009). While the issue of what property interests are included in the estate is a matter of federal bankruptcy law, the nature and extent of the debtor's property interests are determined by state law. *Id.*

While a Debtor's insurance policy is typically property of the estate,[3] Debtor does not claim that it is an insured under the Policy. Rather, Debtor claims that it is entitled to the policy proceeds if the loss "occurred while the Debtor was a named insured [prior to the Policy amendment], thus entitling it to any recoverable amounts." *See* Doc#192 at 2. When examining whether policy proceeds are property of the estate, courts have explained:

> The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, ***when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate***.
>
> Examples of insurance policies whose proceeds are property of the estate include casualty, collision, life and fire insurance policies ***in which the debtor is a beneficiary***.

---

[3] "As a general matter, insurance contracts in which the debtor has an interest at the time the petition is filed constitute property of the estate for purposes of § 541(a)." *Stinnett v. LaPlante (In re Stinnett)*, 465 F.3d 309, 312 (7th Cir. 2006).

*Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51 (5th Cir. 1993) (emphasis supplied); *Equinox Oil Co. v. Official Unsecured Creditor's Comm. (In re Equinox Oil Co.)*, 300 F.3d 614 (5th Cir. 2002) (observing the "central question when determining whether insurance proceeds associated with a policy are property of the bankruptcy estate is whether, in the absence of the bankruptcy proceeding, the proceeds of the policy would belong to debtor when the insurer pays a claim").

Because the Policy provides first-party property coverage for Property located in Ohio, Ohio state law will apply in determining whether the debtor has a legally cognizable claim to the Policy proceeds. *Ohayon v. Safeco Ins. Co.*, 747 N.E.2d 206, 2009-12 (Ohio 2001) (recognizing Ohio follows the Restatement (Second) Conflict of Laws). In general, Ohio courts interpret insurance policies like other contracts, and an Ohio court's role is to give effect to the intent of the parties to the agreement. *Ohio N. Univ. v. Charles Constr. Servs.*, 120 N.E.3d 762, 766 (Ohio 2018). The insurance contract is reviewed as a whole, and Ohio courts presume that the language reflects the parties' intent. *Id.* Words and phrases must be given their plain and ordinary meaning unless some other meaning is clearly apparent from the contents of the policy. *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261 (Ohio 2003). When the language of the policy is clear, a court may look no further than the writing itself to find the intent of the parties. *Id.*

The Debtor claims an interest in the Policy because:

> 24. The Debtor and FLECTAT disagree as to when the Incident occurred. ***The Debtor maintains the Incident occurred between April 14 and May 3, 2019, whereas FLECTAT maintains the Incident occurred between April 25 and May 8, 2019***.[4] (*Compare* Maryland Compl. ¶ 14 *with* Ohio Compl. ¶ 17.) Depending on when the Incident occurred (i.e., before or after April 23, 2019), either the Debtor or 4747 will be entitled to any award of damages.
>
> AND

---

[4] The insured's June 10, 2019 Incident Report, which provided Flectat with notice of the loss, stated the "date of event" was "***4/25/2019 / 5/8/19.***" *See* Exhibit B. Thus, the Debtor's current position conflicts with the dates of loss provided on the Incident Report.

> 35. Whether the Debtor or 4747 is entitled to any proceeds from the Maryland Case turns solely on when the Incident occurred. If the Incident occurred prior to April 23, 2019, the Debtor is the named insured; if the incident occurred on or after April 23, 2019, 4747 is the named insured. At this time, neither the Maryland Case nor the Ohio Case has determined when the Incident occurred. Furthermore, permitting FLECTAT to proceed with its action in the Ohio Case has a direct impact upon the Debtor's legal claim— an asset of the estate—in the Maryland Case.

Doc#192 at 5 and 8, emphasis supplied. Ohio rules of policy interpretation, however, reject the Debtor's interpretation. The change endorsement clearly provides that 4747 Montgomery Road is the named insured under the Policy from the Policy's effective date of April 12, 2021. *See* Exhibit A at FLECTAT 0054. In other words, when the Policy is read as a whole, the endorsement deleted the Debtor and replaced it with 4747 Montgomery Road retroactive to the inception date of the Policy. *Id.* The legal effect of the amendment is the Debtor was never an insured under the Policy. Accordingly, the Debtor has no legally cognizable claim under the Policy.

The Debtor notably does not cite any legal authority in support of its position that it may be entitled to the policy proceeds if the loss occurred prior to the issuance of the change endorsement retroactively naming 4747 Montgomery Road as the insured. The insured, 4747 Montgomery Road, discovered the loss and reported it to Flectat after the change endorsement was issued. *See* at Exhibit A and Exhibit B. Specifically, while the change endorsement was issued on April 24, 2019, notice of the loss was provided on June 10, 2019 identifying the dates of loss as April 25, 2019 and May 8, 2019. *Id.* Ohio law is clear that a Policy can cover a loss that occurred prior to amendment or issuance of a policy, so long as the loss was an unknown loss. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 815 (6th Cir. 1999) (applying Ohio law) (discussing legal precedent permitting post-loss modifications to an insurance policy, and holding that a post-loss modification to a policy that retroactively modified coverage under a

policy following a settlement was valid); *University of Cincinnati v. Arkwright Mut. Ins. Co.*, 51 F.3d 1277, 1281 (6th Cir. 1995) (applying Ohio law) (discussing the fortuity doctrine and observing that a past loss may be covered under a policy, so long as the loss was unknown to the parties at the time of entering into the insurance agreement). Accordingly, even if a loss occurred between the Policy's inception date on April 12, 2019 and the issuance of the change endorsement on April 24, 2019, the change endorsement controls and 4747 Montgomery Road is the sole insured for losses covered under Policy. *See* Exhibit A.

Hypothetically, the Debtor could have requested that 4747 Montgomery Road be included as a second named insured on the Policy so that the Debtor would remain a named insured as well, but it did not. Rather, the Debtor was **_removed and replaced_** as the named insured under the Policy retroactive to the Policy's April 12, 2019 effective date. *See* Exhibit A at FLECTAT 0054. This is likely because the Debtor does not have an insurable interest in the Property under Ohio law since it does not own the Property, nor is the Debtor a party to the Option Agreement to purchase it. *See* Doc#192-4 at 13-52. Ohio law requires that an insured must have an insurable interest in the subject matter of the insurance; otherwise, the policy is void. *Phillips v. Cincinnati Ins. Co.*, 398 N.E.2d 564, 565 (Ohio 1979). A property owner has an insurable interest in its property, and it is generally recognized that co-owners have separate insurable interests in property to the extent of their ownership interests. *Gabel v. Richley*, 655 N.E.2d 773, 780 (Ohio Ct. App. 1995). Insurable interest exists where a person "would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction." *Auto-Owners Mut. Ins. Co. v. Mohammed*, 959 N.E.2d 568, 574 (Ohio Ct. App. 2011). But where a contract for the purchase of real property never went into effect, an insured tenant did not have an insurable interest in the real property; rather, the insured tenant only had an insured interest in personal property that was

10

destroyed by a fire. *Id.* at 574-75. Further, where owner-insureds contracted to sell the premises, which were to be razed by the purchaser, the owner-insureds did not have an insurable interest in the premises following a fire because they received full payment and would gain no profit or advantage from the continued existence of the building. *Westfall v. American States Ins. Co.*, 334 N.E.2d 523, 525 (Ohio Ct. App. 1974). Accordingly, because the Debtor does not have an insurable interest in the Property, the Debtor does not have a legally cognizable claim to the Policy proceeds.

In addition, the automatic stay generally does not apply where the Debtor is a nominal party in a lawsuit and the plaintiff does not seek to recover property of the Debtor's estate. *Walters v. First Tennessee Bank, N.A.*, 855 F.2d 267, 271 (6th Cir. 1988) (concluding the automatic stay provision did not apply because the debtor "is merely a nominal defendant in the derivative action; the Bank is the party charged with usury" and therefore, this is "sufficient to take the derivative action out of the scope of the automatic stay provision"); *In re Transp. Sys. Int'l*, 110 B.R. 888, 893 (Bankr. D. Minn. 1990) (where the plaintiff Honeywell Inc. did not seek to collect or foreclose on the assets of the debtor, and the purpose of the action was to address the propriety of claims asserted by the debtor against Honeywell, section 362(a)(1) was not applicable because it was not an action against the debtor or the property of the estate of the debtor); *Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.,* 50 B.R. 25, 26 (Bankr. S.D.N.Y. 1985) (noting "[t]he automatic stay provision normally applies to actions in which the bankrupt is a defendant" and it does not apply where debtor is a nominal defendant and the lawsuit "is not an action to obtain possession of property held by" the debtor).

Section 362(a)(1) does not apply to stay the Ohio Lawsuit because it is not an action against the Debtor to recover the Debtor's property or "property of the estate." The Debtor was included

solely as a nominal "interested party" and no relief is sought against it. *See* Doc#192-2. The action seeks a declaration of the rights and obligations of the parties to the Policy with respect to the claimed loss, non-debtor 4747 Montgomery Road and Flectat. *Id*. Again, Debtor is not an insured under the Policy nor is it a loss payee; it does not own the insured Property nor is it a party to the Option Agreement to purchase the Property.

For these reasons, the automatic stay provision does not apply because the subject of the Ohio Lawsuit, the Policy, is not property of the Debtor's estate. Accordingly, Debtor's motion should be denied.

### B. Even If The Automatic Stay Applies To Debtor, It Does Not Extend To The Non-Debtor Insured, 4747 Montgomery Road, Or The Non-Debtor Interested Parties Named In The Complaint in the Ohio Lawsuit

Even if this Court determines that it should stay the proceedings against the Debtor, Flectat respectfully urges that the stay should not apply to the non-debtor insured defendant, 4747 Montgomery Road, or the non-debtor interested parties named in the Complaint in the Ohio Lawsuit, which include the owners to the insured Property. Generally, the protections of the automatic stay do not extend to non-debtor co-defendants. The Tenth Circuit Court of Appeals has explained:

> It would make no sense to extend the automatic stay protections to solvent co-defendants. They don't need it, and at the same time it would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants. Extending the stay to protect solvent co-defendants would not advance either of the purposes underlying the automatic stay.

*Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir. 1984). Therefore, extending a stay to non-bankrupt co-defendants is justified only in "unusual circumstances" not found here. *Parry v. Mohawk Motors of Mich., Inc*., 236 F.3d 299, 314 (6th Cir. 2000) (explaining "absent unusual circumstances the stay 'does not extend . . . to separate legal entities such as corporate

affiliates, partners in debtor partnerships, or to codefendants in pending litigation'" and concluding plaintiff "failed to demonstrate that 'unusual circumstances' warrant the extension of the automatic stay beyond [the Debtors] to the remaining solvent co-defendants").

Because the insured defendant in the Ohio Lawsuit, 4747 Montgomery Road, is a non-debtor, the Ohio Lawsuit should proceed against the insured and the other non-debtor interested parties. Because the Debtor is not an insured, a loss payee, an owner of the Property or a party to the Option Agreement to purchase the Property, "unusual circumstances" do not exist to stay the entire lawsuit against all parties. *See* Exhibit A and Doc#192-4 at 13-52.

### C. In The Alternative, Flectat Respectfully Requests An Order For Relief From The Automatic Stay Pursuant To §362(d) Of The Bankruptcy Code So That The Ohio Lawsuit Can Proceed

As discussed above, there are dueling lawsuits in Ohio and Maryland concerning whether the Policy covers the loss at the Ohio Property. The Debtor filed an application to employ Debtor's counsel in the Maryland Lawsuit. Doc#192-4 at 13-52. Despite asserting that it will file a similar motion in the Ohio Lawsuit, the Debtor instead filed a motion to stay the Ohio Lawsuit and the instant motion to enforce the automatic stay. *Id.*, Exhibit C. Therefore, Debtor is attempting to use the instant motion as a sword so that the litigation over the Policy covering the Ohio Property will proceed in Maryland but not Ohio. *See In re Norton*, 319 B.R. 671, 683-84 (Bankr. D. Utah 2005) (generally criticizing a debtor's use of the Bankruptcy Code as a sword). The Debtor's use of the Bankruptcy Code in this manner should not be condoned.

Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

\*\*\*

13

    (2) with respect to a stay of an act against property under subsection (a) of this section, if-

      (A) the debtor does not have an equity in such property; and

      (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d). For the reasons set forth above, Flectat has shown that Debtor is not the insured on the Policy nor is it a loss payee. Therefore the Policy is not necessary to an effective reorganization. Accordingly, Flectat respectfully requests that this Court grant its cross-motion for relief from stay pursuant to Section 362(d).

    **D.** **The Debtor's Request To Reserve Its Rights As To Actual Damages Is Without Merit Because Flectat Merely Filed An Opposition To Debtor's Motion To Stay The Proceedings**

  The Debtor claims Flectat acted with "willful ignorance" and its motion reserves its right to seek actual damages, including costs and attorneys' fees, under section 362(k) of the Bankruptcy Code. *See* Doc#192. Section 362(k), however, applies where there is a "willful violation" of the automatic stay. In order to demonstrate a "willful violation," the debtor bears the burden of establishing that the creditor knew of the automatic stay and intended the actions ***that constituted the violation***; no specific intent is required. *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir. 2007).

  Flectat did not violate the automatic stay provision of the Bankruptcy Code. It merely opposed the Debtor's motion to stay the Ohio Lawsuit asserting that the automatic stay provision does not apply because the Policy is not the Debtor's property or property of the estate. *See* Exhibit C; Doc#192-4. Debtor concedes in its motion that the court in the Ohio Lawsuit has jurisdiction to decide whether the automatic stay applies, stating "[a]lthough non-bankruptcy courts have concurrent jurisdiction to rule on the scope of the automatic stay, a bankruptcy court's ruling on

the issue is controlling." See Doc#192 at ¶32; *Dominic's Rest. of Dayton, Inc. v. Mantia,* 683 F.3d 757, 760 (6th Cir. 2012) ("The court in which the judicial proceeding is pending … has jurisdiction to decide whether the proceeding is subject to the stay"); *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) ("the non-bankruptcy court properly responds to the filing [of a bankruptcy petition] by determining whether the automatic stay applies to (i.e., stays) the proceedings"). Flectat did not violate the Bankruptcy Code by filing an opposition to the Debtor's ***own*** motion to stay in a court that is admittedly authorized to determine whether the automatic stay applies. Accordingly, Debtor is not entitled to recover "actual damages."

## IV. CONCLUSION

For the foregoing reasons, Flectat, Ltd. respectfully asks this court to deny Debtor R Investments RLLP's Motion for Entry of Order Enforcing the Automatic Stay against Flectat, Ltd. because the Policy is not property of the estate and 11 U.S.C. § 362(a) does not apply to the Ohio Lawsuit. In the alternative, Flectat, Ltd. respectfully asks this court to grant its cross-motion for relief from the automatic stay pursuant to §362(d) of the Bankruptcy Code so the Ohio Lawsuit can proceed. Finally, Flectat, Ltd. respectfully asks this court to find that it did not willfully violate the automatic stay and deny any requests for damages, including costs and attorneys' fees under section 362(k) of the Bankruptcy Code.

This 24th day of August, 2021.    Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jessica Collier*
Jessica Collier
1801 Wewatta St., Suite 1000
Denver, CO 80202
Telephone: 303-749-7200
Fax: 303-749-7272
Jessica.Collier@huschblackwell.com
*Counsel for Flectat, Ltd.*

HB: 4842-4171-2376.1