## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 21-11011-EEB |
| | ) | |
| R. INVESTMENTS, RLLP, | ) | Chapter 11 |
| EIN: 20-8043471 | ) | |
| | ) | |
| Debtor. | ) | |

## MOVANTS' CERTIFICATE OF CONTESTED MATTER AND REQUEST FOR HEARING

**Part 1. Certificate and Request for Hearing**

On August 16, 2021, R. Investments, RLLP (the "**Debtor**") filed a motion pursuant to L.B.R. 9013-1 entitled, Second Motion to Extend Exclusivity Period Under 11 U.S.C. § 1121(d) [Docket No. 199] (the "**Motion**"). The Debtor hereby certifies that the following is true and correct:

1. Service of the Motion, Notice, and Proposed Order were timely made on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Local Rules as is shown on the Certificate of Service, L.B.F. 9013-1.2, previously filed with the Motion on August 17, 2021 [Docket No. 203].

2. Objections and requests for hearing on the Motion have been filed by the following party: DS VI, LLC ("**Creditor**") [Docket No. 211].

3. The docket numbers for each of the following relevant documents are:

   a. the Motion and all documents attached thereto and served therewith [Docket No. 199];

   b. the Notice [Docket No. 200];

   c. the Certificate of Service of the Motion and the Notice [Docket No. 203];

   d. the Proposed Order [Docket No. 199-1]; and

   e. DS VI, LLC's Objection to Debtor's Second Motion to Extend Exclusivity Period Under 11 U.S.C. § 1121(d) [Docket No. 211].

4. The Debtor has made a good faith effort to resolve this matter without the necessity of a hearing in the following manner: Debtor's counsel and DS VI, LLC's ("**DS**") counsel discussed this matter on September 10, 2021, but are unable to resolve this matter consensually.

5. Resolution of this contested matter would benefit from a preliminary hearing to resolve the following disputed legal issue: whether the Court may extend the exclusivity period

upon a finding of "cause" under section 1121(d)(1) of the Bankruptcy Code. Although "cause" is not defined in section 1121(d), courts have adopted a non-exclusive list of factors to consider in determining whether to extend exclusivity for "cause." Some of those factors do not require an evidentiary hearing, but instead are readily available to the Court.

6. At this juncture, the Debtor does not believe that resolution of this contested matter will require an evidentiary hearing. Notwithstanding, the Debtor estates any hearing would proceed as follows:

    a. The hearing on the Motion is anticipated to take 1.5 hours;

    b. To the extent an evidentiary hearing is necessary, the Debtor anticipates 2–3 witnesses;

    c. The Debtor does not anticipate the use of expert testimony; and

    d. The Debtor does not anticipate that any discovery will be required.

Accordingly, the Debtor requests that the Court set this matter for hearing pursuant to L.B.R. 9013-1.

**Part 2. Signature of Movants' Attorney**

Dated: September 13, 2021          /s/ Patrick R. Akers
                                   Timothy M. Swanson (47267)
                                   Patrick R. Akers (54803)
                                   MOYE WHITE LLP
                                   1400 16th Street, Suite 600
                                   Denver, Colorado 80202
                                   (303) 292-2900
                                   (303) 292-4510 (facsimile)
                                   tim.swanson@moyewhite.com
                                   patrick.akers@moyewhite.com

                                   *Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I certify that on September 13, 2021, I served a complete copy of *Movants' Certificate of Contested Matter and Request for Hearing* on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and L.B.R. 9013-1(c)(2):

- Jean C. Arnold, via CM/ECF
- Mark F. Bell, via CM/ECF
- Shaun A. Christensen, via CM/ECF
- Jessica Collier, via CM/ECF
- Ronald S. Fitzke, via CM/ECF
- Aaron A. Garber, via CM/ECF
- Christopher Gnaedig, via CM/ECF
- Alison Goldenberg, via CM/ECF
- Steven T Mulligan, via CM/ECF
- David M. Rich, via CM/ECF
- Andrew J. Romanow, via CM/ECF
- Steven W. Soule, via CM/ECF
- Darrell G. Waas, via CM/ECF
- David C. Walker, via CM/ECF
- John F. Young, via CM/ECF

*/s/ Patrick R. Akers*
Patrick R. Akers (54803)

*Counsel for the Debtor*