UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                    )
                                          )
R. INVESTMENTS, RLLP                      )
                                          )   Case No. 21-11011-EEB
EIN: 20-8043471                           )
                                          )   Chapter 11
Debtor                                    )

---

**CREDITORS DEB GRASS' AND JOHN KRUSE'S OBJECTION TO THE
ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT IN SUPPORT
OF CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 16, 2021**

Unsecured Creditors Deb Grass and John Kruse ("Creditors"), by undersigned counsel, file this objection to the adequacy of the Debtors' Disclosure Statement:

1.      Creditors incorporate by this reference the limited objections of the United States Trustee related to the adequacy of the disclosure statement and assumed employment of Kinetic Advisors LLC ("Kinetic") [Doc#: 227].

2.      Paragraph 1.5 of the Disclosure Statement states that Debtor will be working with Kinetic Advisors LLC. Page 15 of the Disclosure Statement assumes Kinetic will be employed and represents that Kinetic is integral to Debtor's success under the Plan. As the United States Trustee states in its objection, the employment of Kinetic was not approved by this Court. If Kinetic is not to be employed, then Debtors' Plan and Disclosure Statement need to account for how Debtor will self- perform the proposed Plan.

3.      The Debtor employed Kinetic Advisors (without Court approval) to present the Debtor's Plan to the creditors, including Creditors Deb Grass and John Kruse. A copy of Kinetic's presentation is attached as **Exhibit A.** Creditors were part of a Zoom call where the attached slides in support of the Plan were presented.

4.      The Kinetic presentation is inconsistent with the Disclosure Statement and Creditors cannot discern what the terms of the Plan are from the inconsistent Kinetic presentation and the inadequate Disclosure Statement. For instance:

- Page of 5 of the presentation states that value has been returned to investors in the past. However, Creditors' own experience is that the "pledged" payments it was to receive from the **Spanish Cove Townhomes** located at 1708 San Remo St., St. Louis, MO were never paid. Page 5 of Kinetic's

presentation shows $2,915,923 in "Value Created." Yet, Creditors are owed over $562,375 on their loan for the project. The project was sold without paying Creditors anything. The Disclosure Statement and Kinetic's presentation are misleading and false in representing that value was created on the Spanish Cove project. The same may be true of other projects.

- Page 7 of the presentation does not show Spanish Cove to be "Lost Value from Forced Sales." If this is so, then why were Creditors not repaid when Spanish Cove was sold? Because the basis and assumption of the Disclosure Statement and Plan are demonstrably false -- that value was created *in the past* and on projects including Spanish Cove – the Plan is unworkable and the Disclosure Statement is not adequate to inform Creditors about the Plan as it is based (at least in part) on false assumptions.

- Page 12 of the Kinetic Presentation states in the last bullet point:

"Will request that personal guarantees from current shareholders be released in return for contribution of all Non-Debtor Affiliates."

- William Travis Steffens has guaranteed payment to Creditors. Creditors do not agree to release him from his financial obligations – especially where the Debtor represents that it made money on Spanish Cove and did not pay Creditors for their loan. The Disclosure Statement says nothing about creditors being required to release Mr. Steffens from his personal liability. But, as the United States Trustee points out, the disclosure does not provide adequate information as required by 11 U.S.C. Section 1125(a), especially in light of the misleading statements about Spanish Cove.

- Page 13 of the Kinetic Presentation shows that Travis Steffens will receive 30% and the creditors 70% of cash distributions. As an equity holder, Mr. Steffens should first assure that the creditors are paid. The Plan, as presented by Kinetic, elevates his distribution position above the unsecured creditors, even though he is in a junior position as an equity holder.

5.      Finally, the Disclosure Statement and plan show Creditors to be Class 3: Allowed Unsecured Claims who will receive 70% of the "free cash flows." But the Disclosure Statement does not disclose *in the same paragraph* that Mr. Steffens and Ms. Perrin will receive 30%.

6.      The Disclosure Statement and Plan show Mr. Steffens and Ms. Perrin to be Class 4: Equity Interests and then states that they will receive 30% of the "free cash flows," and based on the budgets, a monthly salary. The preferring of Class 4 to Class 3 in distribution of "free cash flows" should be spelled out and justified in the Disclosure Statement.

2

WHEREFORE, Creditors Deb Grass and John Kruse object to the adequacy of the Debtors' Disclosure Statement and request that the Court deny approval and for such other and further relief as the Court deems appropriate.

DATED this 28th day of September, 2021.

ARNOLD & ARNOLD, LLP
Attorneys at Law

By: /s/ Jean C. Arnold
    JEAN C. ARNOLD, #13126
*Attorneys for Creditor*
7691 Shaffer Pkwy., Suite A
Littleton, CO  80127
720.962.6010
jeanarnold@arnoldarnold.com

## CERTIFICATE OF MAILING

The undersigned certifies that a true and correct copy of the forgoing was served via ECF, this 28th day of September, 2021. addressed as follows:

Patrick R. Akers
Charles Greenhouse
Timothy M. Swanson
Moye White LLP
1400 16th Street
Sixth Floor, Suite 600
Denver, CO 80202
*Attorney for Debtor*

Mark F. Bell
Andrew J. Romanow
Hall Estill
1050 17th Street, Suite 2500
Denver, CO 80265
*Attorney for Creditor Specialty*
*Credit Holdings*

Steven W. Soule
320 South Boston Ave.
Suite 400
Tulsa, OK 74103-3708

*Attorney for Creditor Specialty*
*Credit Holdings*

Ronald S. Fitzke
4 Inverness Ct. E.
Ste. 100
Englewood, CO 80112
*Attorney for Creditor Rolla Boys;*
*Marilyn N. Carol and Robert P. Weaver*

*Steven T Mulligan*
*Coan, Payton & Payne, LLC*
*999 18th St.*
*Ste S1500*
*Denver, CO 80202*
*Attorney for Creditor Northview Investments*

Darrell G. Waas
1350 17th St., Ste. 450
Denver, CO 80202
*Attorney for Creditor AMDC Holdings, LLC*
*and Connexion Asset Group, LLC*

David C. Walker
2000 S. Colorado Blvd
Tower Two Ste 700
Denver, CO 80222
*Attorney for Creditor Cragar Marketing Services 401(k) Plan*

Alison Goldenberg
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
*Attorney for US Trustee*

Shaun A. Christensen
Miller & Law, P.C.
1900 W. Littleton Blvd.
Littleton, CO 80120
*Attorney for DS VI, LLC*

Jessica Collier
Husch Blackwell LLP

1801 Wewatta St., Suite 1000
Denver, CO 80202
*Attorney for Flectat, Ltd.*

John F. Young
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
*Attorney for J.D. Ryan Investments, LLC*

David M. Rich
999 18th St.
Ste. 1230 S
Denver, CO 80202
*Attorney for Richard and Margaret May*

Aaron A Garber
2580 West Main Street
Suite 200
Littleton, CO 80120
*Attorney for Sedrick Williams*

By/s/__Sadie Gettings_____
Sadie Gettings, Paralegal